UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS SEGURA,

           Plaintiff,

     v.

HAJOCA CORPORATION,

           Defendant.

Case No.  3:25-cv-10311-JSC

**ORDER SETTING BENCH TRIAL ON CONTRACT FORMATION**

Re: Dkt. Nos. 5, 18, 19

Jose Segura brings this putative class action alleging his employer, Hajoca Corporation, violated California wage and hour laws. Plaintiff initially filed the action in the Alameda County Superior Court and Hajoca removed under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). (Dkt. No. 1.) Shortly after removal, Hajoca filed a motion to compel arbitration based on an arbitration agreement within Hajoca's onboarding documents. (Dkt. No. 5.)  Because the parties' briefing indicated there might be a dispute as to contract formation, the Court ordered the parties to meet and confer and file a joint statement addressing the dispute and whether, if a dispute remained, the parties sought any discovery prior to a trial to resolve the contract formation dispute.  (Dkt. No. 18.)  The parties have filed a joint statement indicating the dispute remains, declining any discovery, and requesting a "trial of the issue as determined by the Court."  (Dkt. No. 19 at 2.)  In light of the parties' submission, the Court sets a bench trial as set forth below[1].

I.    **TRIAL DATE**

    A.    A bench trial shall begin on **April 28, 2026**, **at 8:30 a.m.**, in Courtroom 8, 19th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

---

[1] The Court assumes no party has demanded a jury trial on the contract formation question.

United States District Court
Northern District of California

B.     The length of the trial will not exceed 1 day.

C.     As the party seeking to compel arbitration, Hajoca will bear the burden of proving the existence of an agreement to arbitrate. *Johnson v. Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023).

**II.     TRIAL PROCEDURES**

A.     Counsel shall *not* prepare a Joint Pretrial Conference Statement.  Instead, twenty (20) calendar days in advance of trial, please do the following:

The parties shall meet and confer in person or via video-conference to prepare and file a jointly signed, Proposed Final Pretrial Order that contains:

(a) a brief description of the substance of the issues to be decided;

(b) all stipulated facts;

(c) a list of all factual issues to be tried;

(d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and

(e) each party's separate witness list for its case-in-chief witness providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative. For each witness, state an hour/minute time estimate for the direct examination (only).

Items (d) and (e) should be appendices to the proposed order.

B.     Not less than seven (7) days before trial, counsel and/or the parties shall file and serve any objections to exhibits. Exhibits and witnesses not included in the proposed Joint Pretrial Order above may not be used in a party's case-in-chief and may not be used during cross examination of the other side's case- in-chief (other than for impeachment).  Defense witnesses

2

are considered case-in-chief witnesses, not "rebuttal" witnesses.  Objections to exhibits not raised are waived.

C.      Not less than seven (7) days before trial, each side shall also file proposed Findings of Fact and Conclusions of Law.

D.      Two (2) Chambers' copies of all of the aforementioned documents shall be hand-delivered to the Clerk's Office at the time of filing.  All hard-copy submissions should be three-hole punched.

## PRETRIAL ARRANGEMENTS

A.      Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Court Reporting Services Supervisor at (415) 522-2079, at least ten (10) calendar days prior to the trial date.

B.      During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices.  Equipment should be shared by all counsel to the maximum extent possible.  The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse.  For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times.  The parties shall tape extension cords to the carpet for safety.  The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

## OPENING STATEMENTS

Each side will be permitted 10 minutes for opening statements.

## WITNESSES

The parties shall have all witnesses available in the courthouse and ready to testify on April 28, 2026.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting.

## EXHIBITS

A.      Prior to the first day of trial, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

B.    Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines). If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number, if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers). There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly. The exhibit tag shall be in the following form:

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

Case No. _____

Date Entered _____

By_____
Deputy Clerk

---

4

United States District Court
Northern District of California

Place the tag on or near the lower right-hand corner or, if a photograph, on the back.  Counsel should fill in the tag but leave the last two spaces blank.  The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal.  Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders.  Each set of exhibit binders should be marked as "Original".  Deposit the exhibits with the deputy clerk seven (7) days before trial.

C.    In addition to the official record exhibits, two (2) joint sets of bench binders containing a copy of the exhibits must be provided to the Court seven (7) days before trial, and should be marked as "Chambers Copies."  Each exhibit must be separated with a label divider identifying the exhibit number.  (An exhibit tag is unnecessary for the bench set.)  Spine labels should indicate the numbers of the exhibits in the binders.

**III.    DUTY TO NOTIFY COURT**

If there is any change and the parties do not intend to proceed with trial, they shall promptly notify the Court.

**IT IS SO ORDERED.**

Dated: February 5, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge