UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS SEGURA,

     Plaintiff,

    v.

HAJOCA CORPORATION,

     Defendant.

Case No.  3:25-cv-10311-JSC

**ORDER RE: MOTION TO COMPEL ARBITRATION FOLLOWING BENCH TRIAL**

Re: Dkt. No. 5

Jose Segura brings this putative class action alleging his employer, Hajoca Corporation, violated California wage and hour laws.  Plaintiff initially filed the action in the Alameda County Superior Court and Hajoca removed under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2).  (Dkt. No. 1.)  Shortly after removal, Hajoca moved to compel arbitration based on an arbitration agreement  it claimed was within Hajoca's onboarding documents.  (Dkt. No. 5.[1])  The Court determined there was a genuine dispute as to whether Plaintiff and Segura entered into an arbitration agreement and so, pursuant to *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667 (9th Cir. 2021), ordered a trial on the contract formation question. *See id.* at 670 ("[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.") (quoting 9 U.S.C. § 4).  The parties thereafter stipulated to a bench trial on the contract formation question without first conducting any discovery.  (Dkt. No. 2.)  The Court held a bench trial on April 28, 2026.  This Order constitutes the findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(1).

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

In 2019, Hajoca acquired WHCI, a plumbing supply company.  Hajoca insists Plaintiff, who was a WHCI employee, signed an arbitration agreement in November 2019 as part of his transition from employment with WHCI to Hajoca.  Hajoca contends Plaintiff signed his arbitration agreement in the presence of WHCI's human resources (HR) manager Olivia Gonsalves who shipped it to Alexa Mahalidge, the Hajoca corporate HR representative who was apparently overseeing the transition.  Plaintiff disputes he signed the agreement.

Under California law "the burden is on [Hajoca] as the party seeking arbitration to show that it provided notice of [the arbitration agreement] and that there was mutual assent to the contractual agreement to arbitrate." *See Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023) (citing *Victoria v. Super. Ct.*, 40 Cal.3d 734, 743 (1985)).  While the question is close, ultimately the Court finds Hajoca has not met its burden of proving by a preponderance of the evidence Plaintiff entered into an arbitration agreement with it.

First, Hajoca does not have a signed arbitration agreement, or any contemporaneous evidence of it having been presented to Plaintiff to sign.  *See Jackson*, 65 F.4th at1099 ("Mutual assent requires, at a minimum, that the party relying on the contractual provision establish that the other party had notice and gave some indication of assent to the contract.").  While the arbitration agreement was emailed to Plaintiff at a work email address, along with other documents (Exhibit 1), Plaintiff—a delivery driver—credibly testified he did not open or read the email as he did not use his work email and did not have a personal email.  This testimony is consistent with Olivia Gonsalves' admission that she had never seen Mr. Segura respond to an email.  While Ms. Gonzalves testified Hajoca's computer records show Plaintiff acknowledged certain things in the portal, and she testified she met with him on November 27, 2019 to help him with the portal acknowledgements and have him sign all the onboarding documents, there is no written evidence of any meeting with Plaintiff regarding the arbitration agreement.  Further, notwithstanding Hajoca's contention signing the arbitration agreement was a condition of employment, Hajoca did not produce any written records kept by Ms. Gonzalves or Alexa Mahalidge, Hajoca's corporate HR representative overseeing the transition, regarding (1) the arbitration agreement requirement,

2

or (2) documenting employees for whom the agreement was still needed. The Court finds Plaintiff met with Ms. Gonzalves on November 27, 2019, and provided direct deposit information, but does not find he was provided notice of the arbitration agreement or that he signed the arbitration agreement at that meeting.

Second, Ms. Mahalidge —the Hajoca official responsible for communicating with WHCI regarding what was required for transferring employment to Hajoca following the company sale— failed to upload the unidentified "onboarding" documents she received from Ms. Gonzalves around December 6, 2019. Further, Hajoca itself cared so little about securing these onboarding documents, including the arbitration agreements, that it relied entirely on Ms. Mahalidge and never performed any audit or cross-check to determine if all the documents had been signed and received. And, at trial Hajoca did not present any documentary evidence Ms. Mahalidge ever communicated with anyone at WHCI regarding what onboarding documents were required or offer any other documentary evidence. There was no evidence of a spreadsheet or any other documents from her electronic files showing she was ensuring all new employees submitted arbitration agreements. So, the Court finds it probable Ms. Mahalidge did not ensure Hajoca received arbitration agreements from all transferring employees and thus Plaintiff's testimony that he did not sign an agreement is credible.

Third, Exhibit 3, an email from Ms. Mahalidge to Ms. Gonsalves stating she "received the onboarding forms," is insufficient to meet Hajoca's burden of proof because it does not identify what documents were included in the package and for what employees. And, at trial Hajoca offered no other documentary evidence of what was included in the package. Apparently, no record was created, or at least maintained, as to what documents were sent and received.

Fourth, Plaintiff's testimony, upon defense counsel's questioning, that he was aware his former roommate was not able to transfer his employment to Hajoca does not support an inference Plaintiff knew he had to sign an arbitration agreement. On direct, Plaintiff testified he knew of coworkers who could not transfer their employment because they could not prove their legal work status; defense counsel did not ask Plaintiff his understanding of why his former roommate was unable to transfer his employment. That Plaintiff signed a WHCI document on November 20,

United States District Court
Northern District of California

2019 to become a Class A driver (Exhibit 4) does not suggest he signed an arbitration agreement with Hajoca a week later.

Finally, that two other WHCI employees, Mr. Martinez and Mr. Coronel, signed arbitration agreements is not probative. Mr. Martinez was and is management and Mr. Coronel was a salesperson and the owner's "right hand man." Neither were similarly situated to a delivery driver who did not access his work email.

After viewing all the witnesses at trial and considering the evidence offered, as well as the evidence not offered, the Court finds Hajoca has not met its burden to prove Plaintiff signed an arbitration agreement with Hajoca.

## CONCLUSION

As Hajoca has not met its burden of proving by a preponderance of the evidence that Plaintiff agreed to arbitrate his claims against it, Hajoca's motion to compel arbitration is DENIED. The Court sets an initial case management conference for June 17, 2026 at 2:00 p.m. via Zoom video. A joint case management conference statement is due one week in advance. The parties are directed to include in their meet and confer a discussion about the viability of class claims given the arbitration agreement issue. *See Lawson v. Grubhub, Inc*., 13 F.4th 908, 913 (9th Cir. 2021).

Hajoca's responsive pleading is due within 21 days.

This Order disposes of Docket No. 5.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4